<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HENRY J. QUAGLIANI,                          :          Civil No. 03-5164 (DMC)

:

Petitioner,          :

:

v.                   :                   **O P I N I O N**

:

ROY L. HENDRICKS, et al.,                    :

:

Respondents.         :

:

**APPEARANCES:**

HENRY J. QUAGLIANI, #303878B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625
Petitioner <u>pro se</u>

CATHERINE A. FODDAI, Assistant Prosecutor
BERGEN COUNTY PROSECUTOR
Bergen County Justice Center
Hackensack, New Jersey 07601
Attorneys for Respondents

<u>CAVANAUGH</u>, District Judge

Henry J. Quagliani filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a), accompanied by a Brief and Appendix, challenging a judgment of conviction for

murder. Respondents filed an Answer and Petitioner filed a Traverse. For the reasons expressed

below, the Court dismisses the Petition with prejudice as untimely and declines to issue a

certificate of appealability. <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on June 10, 1993, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of the purposeful and knowing murder of his wife and possession of a weapon, a baseball bat, to use unlawfully against the person of another. Petitioner, in the presence of their son, beat his wife to death by repeated blows inflicted with a baseball bat. The Law Division sentenced Petitioner to life sentence, with 30 years of parole ineligibility. Petitioner appealed and in an opinion filed on January 10, 1997, the Appellate Division of the Superior Court of New Jersey affirmed. State v. Quagliani, No. A-843-93T4 slip op. (App. Div. Jan. 10, 1997). On March 24, 1997, the Supreme Court of New Jersey denied certification. State v. Quagliani, 149 N.J. 36  (1997) (table).

By cover letter dated May 20, 1998, Petitioner filed a petition for post conviction relief in the Law Division. After conducting an evidentiary hearing, the Law Division denied relief by order entered April 17, 2001. Petitioner appealed, and in an opinion filed November 12, 2002, the Appellate Division affirmed the order denying post conviction relief. On February 13, 2003, the Supreme Court of New Jersey denied certification. State v. Quagliani, 175 N.J. 547 (Feb. 13, 2003) (table).

Petitioner executed the Petition which is now before the Court on October 26, 2003. The Clerk received it on October 30, 2003. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

2

The Petition presents eleven grounds:

Ground One:  Actual Innocence merged with Supervening Proximate Legal Cause of Death, and Ineffective Assistance of Trial and Appellate Counsel.

Ground Two:  Ineffective Assistance of Trial and Appellate Counsel, and Perjury and Obstruction of Justice by Trial Counsel and the Prosecutor for Suppressing Material, Exculpatory, Impeachment, Brady Evidence.

Ground Three:  Ineffective Assistance of Trial Counsel for Violating the Defendant's Fifth Amendment Right Against Self-Incrimination.

Ground Four:  Ineffective Assistance of Trial and Appellate Counsels for Failing to Present Legal Argument of Prosecutorial Misconduct for Witness Tampering.

Ground Five:  Ineffective Assistance of Both Trial and Appellate Counsels for Failure to Present Legal Argument that Trial Court's Multiple Erroneous Sequential Jury Instructions Rendered the Trial Fundamentally Unjust.

Ground Six:  Ineffective Assistance of Trial and Appellate Counsels for Permitting Prejudicial Perjured Testimony of Law Enforcement Officer to Stand Uncorrected.

Ground Seven:  Ineffective Assistance of Both Trial land Appellate Counsels for Failure to Present Legal Argument that the Trial Court Judge Abused Judicial Discretion by Suppressing and Sealing Material Impeachment Brady Evidence of the Decedent's Psychiatric Records Marked "JNH-1" by the Court.

Ground Eight:  Ineffective assistance of Both Trial and Appellate Counsels for Failure to Expand the Record with Testimony from Decedent's Extramarital Lovers to Impeach Decedent's False allegations of Spousal Abuse, and to Impeach the Prosecutor's Theory of Revenge.

Ground Nine:  Ineffective Assistance of Both Trial and Appellate Counsels for Failure to Expand the Record with Testimony from

Donna LaForgia and the Defendant Pursuant to the Testimonial
Doctrine of Completeness Regarding Baseball Bats.

Ground Ten:  Ineffective Assistance of Both Trial and Appellate
Counsels for Failure to Present Legal Argument that Hackensack
University Medical Center Failed to Provide Pursuant to R. 1:9-5
the Hospital's Ethics Committee Report Regarding the Decedent's
Medical Care and the Termination of Her Life.

Ground Eleven:  Ineffective Assistance of Appellate Counsel for
Failure to Present the Legal Argument that the Manifestly
Excessive Violent Crimes Compensation Board (VCCB)
Assessment of $10,000 Imposed on Indigent Defendant and Raised
on Direct Appeal was not Briefed by the Appellate Court.

(Pet. Addendum of Grounds for Relief.)

The State filed an Answer, arguing that the Petition is untimely and that the grounds

raised do not warrant habeas relief.  Petitioner filed a Traverse.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act

("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for

a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28

U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

(A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such
review;

(B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of
the United States is removed, if the applicant was prevented from
filing by such State action;

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."

LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed March 24, 1997. The statute of limitations therefore began to run on June 23, 1997, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 331 days, and was statutorily tolled on May 20, 1998, when Petitioner handed his post conviction relief petition to prison officials for mailing to the Law Division. The statute of

limitations picked up again on February 14, 2003, the day after the Supreme Court of New Jersey denied certification on post conviction review. The statute of limitations ran for the final 34 days until it expired on March 19, 2003. Because Petitioner did not sign his § 2254 Petition until October 26, 2003, seven months after the statute of limitations expired, the Petition is untimely unless Petitioner is entitled to equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner does not argue that the limitations period should be equitably tolled. This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period. Under these circumstances, the statute of limitations expired on March 19, 2003. Because Petitioner filed his § 2254 Petition on October 26, 2003, and because he was not entitled to equitable tolling, his Petition is barred by the statute of limitations. This Court dismisses the Petition as untimely. 28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

DENNIS M. CAVANAUGH, U.S.D.J.

DATED: _____, 2005

8